SHEPHERD, J.,
concurring.
I concur in the reversal of the final judgment of foreclosure in this case. I write only to dispel any confusion concerning whether this is a pipeline case under U.S. Bank National Association v. Bartram, 140 So.3d 1007 (Fla. 5th DCA), review granted, 160 So.3d 892 (Fla.2014), or Deutsche Bank Trust Company Americas v. Beauvais, 188 So.3d 938 (Fla. 3d DCA 2016) (pending review, Case No. SC 16-732). The issue in those cases was whether an adjudication denying acceleration and foreclosure in one circumstance bars a subsequent action to foreclose the same mortgage. Both cases hold that a subsequent foreclosure action is not barred so long as the second action is brought on a subsequent default within the five-year limitation period for bringing the action under section 95.11(2)(c) of the Florida Statutes. Beauvais at 953; Bartram at 1014. The actions before their respective courts in Bartram and Beauvais were both based upon a subsequent default occurring within the five-year statutory period. Beauvais at 940; Bartram at 1009.
In contrast to these two cases, the foreclosure action in the case before us was commenced on January 24, 2014, based on a default in payment alleged to have occurred on April 1, 2008. Counsel for HSBC insisted on trying the case on the basis of that default. After hearing the evidence, the trial court entered final judgment and calculated all amounts due and payable based upon that default date over borrowers’ objections and involuntary dismissal motions. In short, unlike counsel for the lenders in both the Bartram and Beauvais cases, who circumvented the statute of limitations in those cases by *1014 alleging a default within the five-year limitation period, counsel for HSBC, when challenged, doubled down on a stale default outside the limitation period. That fact distinguishes the case before us from both Bartram and Beauvais.
It is possible—it is always possible— that a decision in a case pending in our High Court may have some effect on a decision of this court that is not yet final. That is at least theoretically possible in the case before us. However, the validity of our decision in this case is not directly dependent upon the outcome of Bartram or Beauvais in the Florida Supreme Court.